UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER GALLOWAY,

    Petitioner,

v.                                                               Case No. 8:19-mc-5-T-36AEP

MATT MARTORELLO, *et al.*,

    Respondents.
_____/

# **ORDER**

This cause came before the Court for a telephonic hearing upon Jennifer Galloway's ("Galloway") Motion to Quash Subpoenas (Doc. 1); Galloway's Amended Motion to Quash Subpoenas (Doc. 3); Matt Martorello's ("Martorello") Motion to Transfer Subpoena-Related Motion to Issuing Court (Doc. 8); Dowin Coffy, Felix Gillison, Jr., George Hengle, Gloria Turnage, and Lula Williams' ("Respondents") Motion to Transfer Galloway's Amended Motion to Quash Subpoenas (Doc. 9); and the respective responses thereto (Docs. 6, 11, 16, 20). These motions arise out of the matter of *Williams, et al. v. Big Picture Loans, LLC, et al.*, No. 3:17-cv-00461-REP-RCY (E.D. Va. filed June 22, 2017) ("*Williams*"), in which the plaintiffs allege that consumer-lending entities owned by the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") provided loans to them in violation of Virginia's usury law. Essentially, the entities in *Williams* argued a lack of jurisdiction on the basis that they came within the sovereign immunity of the Tribe, an argument rejected by Senior United States District Judge Robert E. Payne, the presiding judge in the United States District Court for the Eastern District of Virginia ("Eastern District of Virginia") (Doc. 4, Ex. A). The appeal of Judge Payne's finding that sovereign immunity did not apply to the entities remains pending before the United States Court of Appeals for the Fourth Circuit. *Lula Williams, et al. v. Big*

*Picture Loans, LLC*, *et al.*, Case No. 18-1827 (4th Cir. filed July 23, 2018). Given the appeal, Judge Payne concluded that his authority to entertain matters as to the entities was divested upon appeal but that the claims by the plaintiffs in that action, Respondents herein, could proceed against Martorello, a named defendant in that action.

The subpoenas at issue in this matter pertain to Galloway, an attorney practicing in Tampa, Florida, who provided some form of compliance consulting or legal services to entities involved in *Williams*. By the motions to quash, Galloway seeks to quash the subpoenas served upon her by Martorello and by Respondents requesting the production of documents, information, or objects or inspection of a premises and requesting testimony at a deposition regarding *Williams.* Specifically, Galloway contends that she is immune from suit under a theory of tribal sovereign immunity in her role as outside counsel to the entities and that the subpoenas are unduly burdensome as they seek to circumvent traditional discovery and limitations set forth by the Eastern District of Virginia, especially given the pending appeal to the Fourth Circuit, and as they set forth requests overbroad in their number, breadth of categories, and temporal scope (Docs. 1 & 3). Martorello responded in opposition, arguing that Galloway's work for the entities involved compliance consulting rather than legal advice such that no privilege applies, the Tribe's sovereign immunity was not applicable to Galloway's work post-2016, and the subpoena did not impose an undue burden on Galloway (Doc. 6). According to Martorello, the information requested from Galloway is relevant to various issues in *Williams*, including which entity controls the Tribe's lending operations and Martorello's involvement with the Tribe's lending operations. Respondents likewise responded in opposition, arguing that Galloway lacked standing to assert any claim of tribal sovereign immunity, tribal sovereign immunity did not apply to documents in the possession of non-tribal third parties, the Eastern District of Virginia has not been divested of jurisdiction and the

defendants' motions to stay in that court have been denied as moot, and Galloway failed to satisfy her burden that responding to the subpoena qualifies as unduly burdensome (Doc. 11). Furthermore, Respondents contend that one of the reasons they seek information from Galloway relates to Martorello's assertion of "good faith" as a defense based, in part, upon non-privileged information provided by several attorneys, including Galloway (Doc. 9, at 4-5).

With their motions to transfer, Martorello and Respondents seek to transfer the issues relating to the subpoenas back to the Eastern District of Virginia – the court where the underlying action is pending and thus the court that issued the subpoenas – for consideration by Judge Payne (Docs. 8 & 9). In doing so, they contend that Judge Payne already considered and decided the issue relating to sovereign immunity at the heart of Galloway's motions to quash, the Eastern District of Virginia possesses superior familiarity with the underlying issues and relevance of Galloway's document production and deposition testimony, transfer would promote judicial economy and consistency, and the factors favoring transfer outweigh Galloway's interest in obtaining local resolution of the motions to quash. In response, Galloway argues that the Eastern District of Virginia has not ruled on the issues presented by her motions to quash, the issues she presents cannot arise in many districts, the Eastern District of Virginia's familiarity with the underlying litigation does not constitute an exceptional circumstance warranting transfer, and the burden that a transfer would impose on her outweighs any exceptional circumstances identified by Martorello or the Respondents (Docs. 16 & 20).

Under Rule 45, Federal Rules of Civil Procedure, a court for the district where subpoena compliance is required may quash or modify a subpoena upon timely motion. Fed. R. Civ. P. 45(d)(3). Rule 45 authorizes transfer of a subpoena-related motion from the court where compliance is required to the issuing court, however, "if the person subject to the subpoena

consents of if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Although Rule 45 does not define "exceptional circumstances," the Advisory Committee explained:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Accordingly, the proponent of transfer bears the burden of demonstrating the existence of exceptional circumstances. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Here, as articulated more fully during the hearing, Martorello and Respondents established that exceptional circumstances exist, thus warranting transfer of the issues to the Eastern District of Virginia. Namely, *Williams* is a fractured case involving matters currently proceeding or previously proceeding in multiple district courts throughout the country, including the Northern District of California, District of South Carolina, Western District of Michigan, District of Puerto Rico, District of Arizona, and another division in the Eastern District of Virginia (*see* Doc. 6, Ex. 1; Doc. 8, at n.1 & Ex. 1-5). Upon consideration of similar motions related to subpoenas served in connection with *Williams*, several district courts transferred the matter to the Eastern District of Virginia for Senior United States District Judge Robert E. Payne's consideration (Doc. 8, Exs. 1-3, 5). After transfer, Judge Payne ruled upon issues related to the permissibility and scope of depositions of non-parties in the context of and related to the issues in *Williams* (Doc. 18, Ex. 1-2). Judge Payne also indicated his willingness

to resolve all discovery disputes related to *Williams* to ensure consistency (Doc. 8, Ex. 6).[1] In fact, one of Galloway's primary arguments in support of quashing the subpoenas is that she remains immune from suit under the same theory of sovereign immunity as the entities in *Williams*. Judge Payne addressed the issue of sovereign immunity repeatedly throughout the progression of *Williams* and continues to address the issue of whether any viable claims of sovereign immunity will foreclose any of the requested discovery when considering similar motions related to quashing subpoenas (Doc. 8, Ex. 7, at 6-7; Doc. 18, Ex. 1 & 2). Accordingly, given the exceptional circumstances outlined above, the balance of interests weighs in favor of transferring this matter to the Eastern District of Virginia. For the foregoing reasons, therefore, it is hereby

ORDERED:

1. Mortorello's Motion to Transfer Subpoena-Related Motion to Issuing Court (Doc. 8) is GRANTED.

2. Respondents' Motion to Transfer Galloway's Amended Motion to Quash Subpoenas (Doc. 9) is GRANTED.

3. The Clerk is directed to (1) transfer this case to the Eastern District of Virginia for consideration of Galloway's motions to quash (Docs. 1 & 3) in the pending matter of *Williams v. Big Picture Loans, LLC*, Case No. 3:17-cv-461-REP-RCY (E.D. Va.); (2) terminate the pending motions to quash (Docs. 1 & 3); and (3) close this case.

---

[1] Indeed, as Galloway conceded, inconsistent rulings already occurred (*see*, *e.g.*, Doc. 6, Ex. 1), thereby lending support for Martorello's and Respondents' arguments in favor of transfer.

DONE AND ORDERED in Tampa, Florida, on this 21st day of February, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record